E-FILED
Tuesday, 08 September, 2015 11:38:32 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JEREMY S. CARY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 15-cv-1365 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

## ORDER & OPINION

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on August 28, 2015. (Doc. 1).

Section 2255 of Chapter 28 of the United States Code provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires district courts to conduct preliminary reviews of § 2255 motions. The rule states in relevant part: "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge

must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

BACKGROUND

This Court's history with Petitioner Jeremy S. Cary is extensive.

On December 5, 2011, this Court sentenced Petitioner to a term of thirty-three months of imprisonment after he pleaded guilty to failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). (Judgment, *United States v. Cary*, 11-cr-10054 (C.D. Ill. Dec. 5, 2011)). The judgment included a number of special conditions of supervised release. (*Id.* at 4).

Petitioner filed a motion pursuant to § 2255 on November 13, 2012, in which he alleged that he received ineffective assistance of counsel at sentencing, that his calculated base offense level was "improper and unconstitutional," that the Court abused its discretion in setting a supervised release condition limiting his use of computers, that he should have received a downward departure based on family responsibilities (an argument that was not raised during sentencing), and that his twenty-year period of supervised release was "greater than necessary punishment." (Motion to Vacate, Set Aside or Correct Sentence, *Cary v. United States*, 12-cv-1469 (C.D. Ill. Nov. 13, 2012)).

The Court granted the motion on February 11, 2013, (Order and Opinion Granting Motion to Vacate, Set Aside or Correct Sentence, *Cary v. United States*, 12-cv-1469 (C.D. Ill. Feb. 11, 2013), and subsequently resentenced Petitioner to time served with modified conditions of supervised release. (Amended Judgment, *United States v. Cary*, 11-cr-10054 (C.D. Ill. April 30, 2013)).

On September 17, 2013, the Court revoked Petitioner's supervision and sentenced him to 18 months imprisonment for violating two of the conditions of his supervised relief. (Revocation Judgment, *United States v. Cary*, 11-cr-10054 (C.D. Ill. Sept. 17, 2013)). Petitioner challenged the revocation judgment through another § 2255. (Motion to Vacate, Set Aside or Correct Sentence, *Cary v. United States*, 13-cv-1529 (C.D. Ill. Nov. 22, 2013)). On April 29, 2014, the Court held that Petitioner received ineffective assistance from his trial counsel, who failed to consult with him about the possibility of appealing his revocation judgment. (Order & Opinion, *Cary v. United States*, 13-cv-1529 (C.D. Ill. April 29, 2014)). Although it granted Petitioner's § 2255 motion, the Court did not address the other grounds for relief raised by Petitioner. (*Id.* at 9-10). Instead, the Court vacated the revocation judgment, reimposed an identical sentence, and ordered the Clerk to file a Notice of Appeal of the newly reimposed judgment on Petitioner's behalf. (*Id.* at 10). The Seventh Circuit issued a mandate on January 18, 2015, in which it affirmed in part and vacated in part the judgment. (Mandate, *United States v. Cary*, 11-cr-10054 (C.D. Ill. Jan 18, 2015)). Pursuant to the mandate, the Court entered a Second Amended Judgment on March 16, 2015. (Second Amended Judgment, *United States v. Cary*, 11-cr-10054 (C.D. Ill. March 16, 2015)).

In the meantime, the United States filed a second petition for revocation. (Petition for Revocation, *United States v. Cary*, 11-cr-10054 (Dec. 17, 2014)). On March 16, 2015, the Court found that Petitioner had violated five conditions of supervised release, and sentenced him to six months of imprisonment and three

years of supervised release. (Revocation Judgment. *United States v. Cary*, 11-cr-10054 (C.D. Ill. March 16, 2015)).

Shortly thereafter, Petitioner moved for modification of the supervision conditions. The Court granted this motion, and modified special condition 9 of Petitioner's supervised release, which required him to participate in the U.S. Probation Office's Computer and Internet Monitoring Program (CIMP). The Court concluded that as originally ordered, special condition 9 was overly broad. (Order, *United States v. Cary*, 11-cr-10054 (C.D. Ill. April 18, 2015)). It modified it in a way that requires Petitioner to install the CIMP software on his personal computers, but does not require him to install it on computers he uses for non-personal use (such as computers made available at work or school). (*Id.*). The Court then entered an Amended Revocation Judgment on April 20, 2015. (Amended Revocation Judgment, *United States v. Cary*, 11-cr-10054 (C.D. Ill. April 20, 2015)). The Court further modified the conditions of supervised release on July 24, 2015 (at the request of the U.S. Probation, and with the consent of Petitioner). (Order to Modify Conditions of Supervised Release, *United States v. Cary*, 11-cr-10054 (C.D. Ill. July 24, 2015)).[1]

The pending § 2255 motion only relates to Petitioner's second Revocation Judgment, which was initially entered on March 16, 2015 and was modified on April 20, 2015. (Doc. 1 at 1). As a first ground, Petitioner argues that the Court

---

[1] The United States filed a third petition to revoke his supervised release on July 30, 2015. (Petition for Revocation, *United States v. Cary*, 11-cr-10054 (C.D. Ill. July 30, 2015)). This third petition is currently pending. Petitioner requests that the Court set oral argument for the pending § 2255 motion for September 21, 2015, which is the date for which his revocation hearing is currently scheduled. As explained below, oral argument is not necessary at that time because the § 2255 motion must be dismissed.

4

impermissibly increased his sentence of imprisonment from time-served to six-months on the basis that he was homeless. (*Id.* at 4). As a second ground, Petitioner challenges the first special condition of supervision as unconstitutionally broad and vague. (*Id.* at 5). That condition requires that he "notify any individual(s), organization, or employer of any risk associated with [his history of being convicted as a child sex offender] and allow the U.S. Probation Officer to verify that notification has been made." (Amended Revocation Judgment, 11-cr-10054, at 6 (C.D. Ill. April 20, 2015)). Should Petitioner fail to make that notification, the condition provides that U.S. Probation will. (*Id.*). As a third ground, Petitioner argues that the Court abused its discretion by reimposing supervised release. (Doc. 1 at 7).

## DISCUSSION

This § 2255 motion must be dismissed, as it is plain from the face of the motion that Petitioner has procedurally defaulted his claims. Petitioner did not appeal his revocation judgment, a fact that he acknowledges in his § 2255 motion. (*See* Doc. 1 at 4, 6). Although Petitioner has not provided any reasons for failing to appeal his second and third grounds, he stated with respect to his first ground that he did not appeal because he "feels its [sic] an appropriate issue for a district court decide." (*Id.* at 4). He further stated that he did not want to appeal because he did not want "the Court of Appeals to get mad at Judge McDade." (*Id.*). Finally, he said he was not sure whether "it is appealable when sentence is so short." (*Id.*).

"A § 2255 motion is not a substitute for direct appeal." *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003). Where a petitioner fails to appeal his

5

sentence, his claims in a § 2255 motion are ordinarily procedurally barred. Constitutional issues are barred unless the petitioner can either show good cause and prejudice for the failure to appeal the issue, or show that refusal to hear the issue would result in a fundamental miscarriage of justice. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Showing that a refusal to consider a Constitutional issue would result in a fundamental miscarriage of justice requires a petitioner to make a showing of actual innocence. *See Hanhardt v. United States*, 596 F. Supp. 2d 1173, 1179 (N.D. Ill. 2009). Nonconstitutional issues that could have been but were not raised on direct appeal cannot be raised in a § 2255 motion regardless of cause or prejudice. *See Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

Petitioner's reasons for not appealing appear to be judgment calls to not appeal and instead pursue relief only through § 2255. None fit the exceptions to the procedural default rule. Petitioner has not advanced any argument that he is actually innocent of the violations that led to the revocation of his supervised release, so he cannot show a fundamental miscarriage of justice. *See Hanhardt*, 596 F. Supp. 2d at 1179. And, his stated rationales for failing to appeal – the fact that he thought this issue was appropriate for a district court, his fear that appealing would make the Seventh Circuit unhappy with the Court, and his question as to whether he could appeal a short sentence – do not arise to cause and prejudice, as none relate to any objective factor that might have impeded his efforts to appeal. *See Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) ("Cause is defined as

an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding." (internal quotation marks omitted)).

As Petitioner is aware from his previous § 2255 motions, to the extent that otherwise procedurally defaulted claims form the basis for ineffective assistance of counsel claims, they may be considered in that context. *Belford v. United States*, 975 F.2d 310, 313 n. 1 (7th Cir. 1992). And ineffective assistance of counsel claims may be raised in § 2255 motions regardless of whether they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, unlike his previous § 2255 motions which raised the issue of ineffective assistance, Petitioner has not alleged that he received ineffective assistance of counsel at any stage during the revocation proceedings.

Because all of Petitioner's grounds for relief in his § 2255 motion are procedurally defaulted, the motion must be dismissed.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) even though Petitioner has not requested one.

According to 28 U.S.C. § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of

7

a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Consistent with the discussion above, the Court finds that no reasonable jurists would differ on the Court's treatment of Petitioner's 2255 motion. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## Conclusion

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court, the Court has reviewed Petitioner's § 2255 motion and the record of Petitioner's criminal proceedings. Based upon this review, the Court concludes that Petitioner is not entitled to relief under § 2255. The motion (Doc. 1) is dismissed. The clerk is directed to notify Petitioner Jeremy S. Cary. No Certificate of Appealability shall issue from this Court. IT IS SO ORDERED.
CASE TERMINATED.

Entered this 8th day of September, 2015.

                                                  s/Judge Joe B. McDade

                                          JOE BILLY McDADE
                                    United States Senior District Judge